# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FLORETHA WADE,** | : | **CIVIL ACTION NO. 1:08-CV-0244** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **C.P. CONVERTERS, INC.** | : | |
| Defendant | : | |

## ORDER

AND NOW, this 15th day of July, 2009, upon consideration of the report of the magistrate judge (Doc. 23) recommending that plaintiff's claim of age discrimination be dismissed and that defendant's motion for summary judgment be denied with respect to plaintiff's gender and race discrimination claims,[1] and it appearing that plaintiff, who is an African-American woman, has abandoned her age discrimination claim (Doc. 16 at 9), and it further appearing that material issues of fact exist regarding whether plaintiff has established that defendant's proffered reason for termination was pretextual,[2] and whether plaintiff actually violated the

---

[1] Defendant devotes its summary judgment argument to the pretext stage of the analysis under McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 804 (1973). (See Doc. 10 at 22.) Accordingly, the court presumes for purposes of the instant motion that plaintiff has established the prima facie elements of gender and race discrimination.

[2] Defendant asserts that it terminated plaintiff's employment for the non-discriminatory reason that plaintiff had violated the company's safety regulations while on probation, an action that can result in immediate discharge according to company policy. (Doc. 9, Ex. B attach. 29 at 47; Doc. 9, Ex. D at 23.) Plaintiff responds that this rationale constitutes a pretext for discrimination because defendant regularly "treated more favorably similarly situated persons not within

workplace regulation for which she was allegedly terminated,[3] see Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248-49 (1986) ("The issue of material fact required by [Federal Rule of Civil Procedure] 56(c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its

---

her protected class." Simpson v. Kay Jewelers, 142 F. 3d 639, 645 (3d Cir. 1998).

    Plaintiff was often the subject of discipline during her employment with defendant. She was on probation for violations of the company's attendance policy at the time of her termination for failing to wear safety goggles on the plant floor. (Doc. 9, Ex. B at 125-26.) Plaintiff alleges that on the day of her discharge she and two non-African-American male employees had placed their safety glasses on a table when leaving for break, a practice that was customary among the workforce. (Doc. 16 Ex. A at 146, 159-160). Upon returning from break, a supervisor immediately approached the employees but formally reprimanded only the plaintiff for removing her eyewear. (Id. at 160-63.) While the male employees were not on probation at the time of the occurrence, probationary status affects only the punishment to which an employee is subject. (See, e.g., Doc. 16, Ex. B.) It has no effect upon whether the employee's conduct violates a workplace ordinance. (Id.) Defendant's failure to reprimand the male employees for the same conduct committed by plaintiff supplies evidence that defendant treated plaintiff less favorably than similarly situated individuals outside her protected class. See Simpson, 142 F.3d at 645.

    The eyeglass incident is not the only instance upon which an employee outside plaintiff's protected classes allegedly received more favorable treatment. Approximately five months after plaintiff was terminated, Marty Moser ("Moser"), a Caucasian male, was not terminated despite having committed an infraction while on probation status. (Doc. 16, Ex. F.) Moser, a press operator, failed to insert printing film into the press correctly when processing an order. As a result, the press printed on the wrong side of the film, rendering over 825 pounds of film unusable. (Id.) Unlike plaintiff, Moser was subjected only to a mandatory disciplinary meeting in which he was instructed about his mistake and warned that such errors could result in his termination from the company. (Id.) Plaintiff has therefore proffered evidence of differential treatment on the basis of gender and race and may proceed to trial with her discrimination claims.

    [3] Plaintiff alleges that she was never on the warehouse floor without appropriate eyewear and never operated a press without eye protection. (Doc. 16 Ex. A at 162.) Defendants allegedly terminated her for failing to wear eye protection. (See Doc. 16, Ex. B at 2); see also supra note 2.

2

existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial"), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 23) is ADOPTED.

2. Defendant's motion for summary judgment (Doc. 8) is GRANTED in part and DENIED in part as follows:

    a. The motion is GRANTED with respect to plaintiff's age discrimination claims.

    b. The motion is DENIED in all other respects.

3. The Clerk of Court is instructed to defer entry of judgment until the conclusion of this case.

4. A revised pre-trial and trial schedule shall issue by order of court.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge