# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FLORETHA WADE,** | : | CIVIL ACTION NO. 1:08-CV-0244 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **C.P. CONVERTERS, INC.** | : | |
| **t/d/b/a C-P FLEXIBLE** | : | |
| **PACKAGING and** | : | |
| **C-P CONVERTERS** | : | |
| | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 19th day of October, 2009, upon consideration of defendant's motion in limine (Doc. 20), wherein defendant requests that the court preclude plaintiff from introducing evidence that she failed to produce during discovery,[1] and upon further consideration of plaintiff's opposition (Doc. 24) to defendant's motion in limine, wherein plaintiff avers that she will not attempt to introduce "medical

---

[1] Defendant's motion contains two parts. First, defendant requests that the court prohibit plaintiff from introducing evidence regarding persons who were treated similarly to the way plaintiff was treated on the basis of their age, because plaintiff failed to identify any such persons during discovery. Second, defendant seeks to preclude any evidence of plaintiff's damages other than those already presented in discovery. Defendant contends that plaintiff failed to provide such information or identify any witnesses with such information as required by Rule 26(a) or Rule 26(e) of the Federal Rules of Civil Procedure.

bills, or any other evidence of damages not provided during the discovery process,"[2] (id. at 3), and it appearing that the issue of defendant's treatment of other employees on the basis of their age became moot when the court dismissed plaintiff's age discrimination claim, it is hereby ORDERED that defendant's motion in limine (Doc. 20) is GRANTED in part and DENIED in part as follows:

1. The motion is GRANTED with respect to evidence of medical bills, mortgage bills, electric bills and other household bills, to the extent that plaintiff failed to produce such evidence during the discovery process.

2. The motion is DENIED as moot with respect to evidence regarding persons who were treated in a similar manner to the way plaintiff was allegedly treated on the basis of their age.

3. The motion is DENIED in all other respects without prejudice to defendant's right to object to any other evidence of damages that plaintiff failed to provide during the discovery process.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] In reliance on plaintiff's assertion that she does not plan to introduce evidence not provided during the discovery process, the court will grant defendant's motion with respect to the evidence of damages that defendant has identified. However, the court is unwilling to order an open-ended exclusion of any other evidence of damages, as defendant requests, (Doc. 21 at 5), without more information or argument from the parties. Should defendant wish to object to other evidence offered by plaintiff, which is not identified in defendant's motion, the court will address such objections in the context of the presentation of proof. The court notes that there is no danger of juror prejudice or confusion resulting from the court's decision to defer its rulings, because this matter is scheduled for a bench trial.